IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 08-cv-00246-ZLW

RICK L. ZIMMERMAN,

    Plaintiff,

v.

JUDGE RANDALL C. ARP, in his personal capacity;[1]
THE CIT GROUP, INC.;
THE CIT GROUP/CONSUMER FINANCE, INC;
JEFFREY M. PEEK, in his personal capacity and in his capacity as Chief Executive Officer and Chairman of CIT Group, Inc.;
ROY STRINGFELLOW, in his personal capacity and in his capacity as Vice President of CIT GROUP/Consumer Finance Inc.;
JOHN A. LOBUS; and
THE LAW FIRM OF JOHN A. LOBUS,

    Defendants.

---

## ORDER

---

On February 14, 2008, this Court ordered Plaintiff Rick L. Zimmerman to show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction.[2] Plaintiff filed his response on March 7, 2008.[3] After reviewing the Complaint and Plaintiff's response, the Court discharges the show cause order.

---

[1] On February 15, 2008, Plaintiff dismissed all claims without prejudice against Judge Randall C. Arp in his official capacity pursuant to Fed. R. Civ. P. 41(a)(1). Notice Of Dismissal Of Claims Against Judge Randall C. Arp In His Official Capacity Only (Doc. No. 3).

[2] Order To Show Cause (Doc. No. 2).

[3] Pl.'s Resp. To This Ct.'s Order To Show Cause (Doc. No. 10).

Jurisdictional issues must be addressed at the beginning of every case and, if jurisdiction is found to be lacking, the case or claim comes to an immediate end.[4] It is Plaintiff's burden to establish this Court's subject matter jurisdiction over his claims.[5]

The Court noted in the show cause order that Plaintiff's sole claim listed in his Complaint under the header "Claims For Relief" is that Defendants conspired among themselves to "deprive Plaintiff of his rights to due process, his civil rights, his money, his property and his equity therein."[6] However, as a *pro se* litigant, the Court must construe Plaintiff's pleadings liberally.[7] Re-analyzing the entire Complaint, the Court finds that Plaintiff properly pleads claims over which this Court has subject matter jurisdiction.[8]

First, Plaintiff claims that Defendants The CIT Group, Inc. and The CIT Group/Consumer Finance, Inc did not provide the "material disclosures" mandated by the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq*.[9] Second, Plaintiff claims that Defendants John A. Lobus, The Law Firm of John A. Lobus, The CIT Group, Inc., The CIT Group/Consumer Finance, Inc, Roy Stringfellow, and Jeffrey M. Peek violated

---

[4]*In re* Franklin Savings Corp., 385 F.3d 1279, 1286 (10th Cir. 2004).

[5]Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998).

[6]Civil Compl. And Jury Demand (Doc. No. 1) at 10 ¶ 48.

[7]Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1187 (10th Cir. 2003).

[8]Complete diversity does not exist between the parties, and Plaintiff admits there is no diversity jurisdiction. See 28 U.S.C. § 1332(a)(1); Compl. at 2-3; Resp. at 3 ¶ 5.

[9]Compl. at 3 ¶¶ 1-2.

2

the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, by improperly filing a case in the First Judicial District of the State of Colorado and by falsely representing the character and legal status of the debt.[10] The Court is satisfied that it possesses subject matter jurisdiction to hear these claims.

However, the Court finds it lacks subject matter jurisdiction to hear Plaintiff's civil conspiracy claim. Despite Plaintiff's protests otherwise, central to the conspiracy claim are actions taken by Defendant Judge Randall C. Arp, a Colorado state district court judge, in reference to a promissory note and deed of trust executed by Plaintiff.[11] In his Complaint, Plaintiff describes seven orders entered by Judge Arp: a default judgment,[12] three denials of C.R.C.P. 60(b) reconsideration requests,[13] and three writs of continuing garnishment.[14] Plaintiff alleges that Arp issued these orders despite the "invalidity and unenforceability [sic] of the debt" it was based on, the failure of defendants to comply with Rule 4(e) pertaining to personal service, the Court's lack of jurisdiction, and the denial of Plaintiff's due process rights.[15] As a result of these judicial actions, Plaintiff alleges that Arp "abus[ed his] authority, abus[ed] the legal system, and violat[ed his]

---

[10] Id. at 9 ¶ 43.

[11] Id. at 3-9 ¶¶ 1, 18-19, 22, 24, 28, 32, 35, and 39.

[12] Id. at 5 ¶ 18.

[13] Id. at 6-8 ¶¶ 22, 32, 39.

[14] Id. at 6-7 ¶¶ 19, 24, 28.

[15] Id. at 6-8 ¶¶ 19-24, 27-32, 34-41.

. . . oath for the express purpose of obstructing justice and preventing or hindering the free exercise of privileges and rights preserved under the U.S. Constitution."[16]

Plaintiff's conspiracy claim directly implicates the Rooker-Feldman doctrine,[17] which constrains "a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."[18] The doctrine applies both to claims that were actually decided by the state court and to claims that are "inextricably intertwined" with the state court judgment.[19] A claim is inextricably intertwined when "the state-court judgment *caused*, actually and proximately, the *injury* for which the federal-court plaintiff seeks *redress*."[20]

Here, Plaintiff's claim is "inextricably intertwined" with Judge Arp's state court orders: Plaintiff is alleging that Arp's court orders *caused* the depravation of his rights (the *injury*), for which he now seeks money damages (the *redress*). Plaintiff is "not asking the . . . court to determine that the *law* violates his constitutional rights, but that

---

[16]Id. at 9 ¶ 42. These allegations appear directly under the header "Conspiracy, Aiding and Abetting Concerted Action by Defendants." Id. at 9.

[17]The Rooker-Feldman doctrine is named for the two U.S. Supreme Court cases that first described its contours. See Rooker v. Fidelity Trust, 263 U.S. 413 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[18]Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994).

[19]See Kenmen Eng'g v. City of Union, 314 F.3d 468, 473-75 (10th Cir. 2002).

[20]Id. at 476 (footnote omitted; emphases in original).

. . . his constitutional rights [were violated] by failing to follow the law."[21] Judge Arp is mentioned in the Complaint only in his role as a judicial officer, and his judicial orders and the corresponding attempts to enforce these orders are the nexus of all of Plaintiff's alleged constitutional violations.

Plaintiff is "asking a federal court to do precisely what Rooker-Feldman prohibits: to undo the effect of the state court judgment."[22] Plaintiff's proper recourse for the alleged violations of his constitutional rights is the state appellate courts and, if he loses there, he has the right to petition the United States Supreme Court for certiorari.[23] However, under Rooker-Feldman, this Court lacks subject matter jurisdiction to hear the civil conspiracy claim. Accordingly, it is

ORDERED that the Order To Show Cause (Doc. No. 2; Feb. 14, 2008) is discharged. It is

FURTHER ORDERED that the Motion To Clarify (Doc. No. 9; Mar. 7, 2008) is denied. It is

FURTHER ORDERED that the civil conspiracy claim is dismissed without prejudice under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. It is

---

[21]Stillman v. Devita, 120 Fed. Appx. 272, 275 (10th Cir. 2005) (emphasis in original).

[22]Crutchfield v. Countrywide Home Loans, 389 F.3d 1144, 1148 (10th Cir. 2004).

[23]See id.

FURTHER ORDERED that Defendant Judge Randall C. Arp is dismissed from the case and his name is removed from the case caption.

DATED at Denver, Colorado, this   20   day of March, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court