IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00246-ZLW-KLM

RICK L. ZIMMERMAN,

    Plaintiff,

v.

THE CIT GROUP, INC.,
THE CIT GROUP/CONSUMER FINANCE, INC.,
JEFFREY M. PEEK, in his personal capacity and in his capacity as Chief Executive Officer and Chairman of CIT Group, Inc.,
ROY STRINGFELLOW, in his personal capacity and in his capacity as Vice President of CIT GROUP/Consumer Finance Inc.,
JOHN A. LOBUS, and
THE LAW FIRM OF JOHN A. LOBUS,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Entry of Default Judgment Pursuant to F.R.C.P. Rule 55(a)** [Docket No. 20; filed April 2, 2008] and second **Motion for Entry of Default Judgment Pursuant to F.R.C.P. Rule 55(a)** [Docket No. 21; filed April 2, 2008] (the "Motions for Default Judgment"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., the matter has been referred to this Court for recommendation. The Court must construe the motions liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro*

1

*se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Motions for Default Judgment, Defendants' John A. Lobus and the Law Firm of John A. Lobus' Response [Docket No. 29; filed April 3, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. For the reasons set forth below, the Court recommends that the Motions for Default Judgment be **DENIED**.

As a preliminary matter, the Court notes that the Lobus Defendants allege that Plaintiff has failed to confer prior to filing his Motions for Default Judgment, as required by D.C.Colo.L.Civ.R. 7.1A. Rule 7.1A states "[t]he court will not consider any motion, other than a motion under Fed.R.Civ.P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter . . . ." The Court takes the duty to confer imposed by Rule 7.1A <u>very seriously</u>. Plaintiff is cautioned that Rule 7.1A requires "meaningful negotiations" by the parties. *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D.Colo. 2003). Plaintiff is warned that a failure to comply with Rule 7.1A in the future will result in <u>summary denial</u> of any motion.

In his Motions for Default Judgment, Plaintiff requests that this Court enter default judgments against the above five Defendants, alleging that they have failed to file an answer or other responsive pleading to the Complaint within the twenty day deadline pursuant to Fed. R. Civ. P. 12(a). Plaintiff's Complaint was filed on February 5, 2008 [Docket No. 1]. On February 14, 2008, Senior District Judge Zita L. Weinshienk ordered Plaintiff to show cause why his case should not be dismissed for lack of subject matter jurisdiction [Docket No. 2]. By Minute Order dated February 21, 2008, Judge Weinshienk

granted all Defendants up to and including ten (10) days after the Court discharged its Order to Show Cause to respond to Plaintiff's Complaint [Docket No. 7]. Finally, the Order to Show Cause was discharged by the Court on March 20, 2008 [Docket No. 11].

Fed. R. Civ. P. 6(a) provides that time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays. Accordingly, Defendants' answer or response to Plaintiff's Complaint was due on April 3, 2008. However, by Motion dated March 31, 2008, Defendants John A. Lobus and the Law Firm of John A. Lobus' ("Lobus Defendants") moved for an extension of time to answer or respond to Plaintiff's Complaint [Docket No. 15]. The Court granted the Lobus Defendants' Motion, extending the answer or response date to April 11, 2008. Further, by Motion dated April 2, 2008, Defendants The CIT Group, Inc., The CIT Group/Group/Consumer Finance, Inc., Jeffrey M. Peek and Roy String ("CIT Defendants") moved for an extension of time to answer or respond to Plaintiff's Complaint [Docket No. 25]. The Court granted this Motion, extending the answer or response date for the CIT Defendants to April 14, 2008. The Court finds that granting a brief extension of time for the Defendants to answer or otherwise respond to Plaintiff's Complaint has in no way prejudiced Plaintiff, and Plaintiff has presented no good reason to oppose these extensions of time.

For the reasons stated above, I respectfully RECOMMEND that Plaintiff's Motions for Default Judgment [Docket No. 20] and [Docket No. 21] be **DENIED**.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written

3

objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

.

                                  BY THE COURT:

                                  __s/ Kristen L. Mix_____

                                  United States Magistrate Judge

Dated: April 11, 2008