IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00246-ZLW-KLM

RICK L. ZIMMERMAN,

　　　Plaintiff,

v.

THE CIT GROUP, INC.,
THE CIT GROUP/CONSUMER FINANCE, INC.,
JEFFREY M. PEEK, in his personal capacity and in his capacity as Chief Executive Officer and Chairman of CIT Group, Inc.,
ROY STRINGFELLOW, in his personal capacity and in his capacity as Vice President of CIT GROUP/Consumer Finance Inc.,
JOHN A. LOBUS, and
THE LAW FIRM OF JOHN A. LOBUS,

　　　Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　　This matter is before the Court on **CIT Defendants' Unopposed Motion to Vacate Scheduling/Planning Conference** [Docket No. 38; filed April 18, 2008] (the "Motion to Stay").  The Court has reviewed the Motion to Stay, the entire case file and applicable case law and is sufficiently advised in the premises.  Accordingly, IT IS HEREBY **ORDERED** that the Motion to Stay is **GRANTED**, as set forth below.

　　　The CIT Defendants move this Court to vacate the Scheduling Conference currently set for May 14, 2008, and to stay all corresponding Fed. R. Civ. P. 26 deadlines until resolution of Defendants' pending Motion to Dismiss [Docket No. 34; filed April 14, 2008].

　　　Although a stay of discovery is generally disfavored in this jurisdiction, the Court

has broad discretion to stay an action while a Motion to Dismiss is pending pursuant to Fed. R. Civ. P. 26(c). *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D.Colo. Mar. 30, 2006).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here. *Id.* First, the Court balances the Plaintiff's desire to proceed expeditiously with his case against the burden on Defendants of proceeding forward. *Id.* Defendants have filed a Motion to Dismiss asserting, *inter alia*, that the Court lacks personal jurisdiction over certain Defendants and that other claims are barred by applicable statutes of limitations. Defendants have done more than offer conclusory assertions that jurisdiction is lacking – they have filed a Motion to Dismiss supported by legal analysis.[1] In such a circumstance, until jurisdiction can be established, the Court determines that the burden on Defendants of going forward with discovery outweighs the desire of Plaintiff to have his case proceed expeditiously. *See id.* (finding "that subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden and expense, particularly if the motion to dismiss is later granted"). The Court also notes that Defendants' Motion to Stay indicates that Plaintiff does not oppose the stay of his case pending resolution of the Motion to Dismiss. *Motion to Stay* [#38], p. 2.

The Court also considers its own convenience, the interest of nonparties, and the public interest in general. None of these factors prompt the Court to reach a different

---

[1] Although the Motion to Dismiss has been referred to the Magistrate Judge, the Court takes no position as to whether Defendants' Motion to Dismiss should be granted, but merely notes that it appears that the Motion is based upon more than idle speculation.

result.  In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of the suit" when, as here, a dispositive motion involving jurisdiction is pending.  *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, 2007 WL 4165397, at *2 (D.C.Cir. Nov. 27, 2007) (unpublished decision) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)).  Likewise, the imposition of a stay pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery."  *Chavous*, 201 F.R.D at 5.  Finally, this case relates to the Federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and there are no compelling nonparty or public interests triggered by the facts at issue.

Accordingly, IT IS HEREBY **ORDERED** that the Motion to Stay is **GRANTED**.  The Scheduling Conference set for May 14, 2008 is **VACATED** and the case is **STAYED**, until such time as the Court rules on Defendants' Motion to Dismiss.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated:  April 21, 2008