IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00246-ZLW-KLM

RICK L. ZIMMERMAN,

    Plaintiff,

v.

THE CIT GROUP, INC.,
THE CIT GROUP/CONSUMER FINANCE, INC.,
JEFFREY M. PEEK, in his personal capacity and in his capacity as Chief Executive Officer and Chairman of CIT Group, Inc.,
ROY STRINGFELLOW, in his personal capacity and in his capacity as Vice President of CIT GROUP/Consumer Finance Inc.,
JOHN A. LOBUS, and
THE LAW FIRM OF JOHN A. LOBUS,

    Defendants.
_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's *pro se* **Motion for Injunctive Relief Forthwith Pursuant to Rule 65 F.R.C.P.** [Docket No. 54; Filed July 3, 2008]. The Court must construe the motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Motion, Defendants' Responses [Docket No. 56; Filed July 11, 2008] and [Docket No. 58; Filed July 16, 2008], the case file, and applicable case law and is sufficiently advised in the premises. IT IS HEREBY **ORDERED** that the Motion [#54] is **DENIED WITHOUT PREJUDICE**, as set forth below.

1

As an initial matter, I find that Plaintiff's Motion for Preliminary Injunction must fail because Plaintiff has again failed to fulfill his obligation to confer with the opposing counsel prior to filing his motion, pursuant to D.C.Colo.LCivR. 7.1A. Rule 7.1A states "[t]he court will not consider any motion, other than a motion under Fed.R.Civ.P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter . . . ." Plaintiff's Motion contains no certification pursuant to Rule 7.1A and Defendants state that Plaintiff failed to confer with them prior to filing his Motion. *Response* [#56] at 3. Moreover, Plaintiff was previously warned by this Court regarding his obligations to confer with opposing counsel. In this Court's Recommendation, dated April 11, 2008, after finding that Plaintiff had failed to confer with opposing counsel prior to filing the motions at issue, I stated:

> The Court takes the duty to confer imposed by Rule 7.1A <u>very seriously</u>. Plaintiff is cautioned that Rule 7.1A requires "meaningful negotiations" by the parties. *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D.Colo. 2003). Plaintiff is warned that a failure to comply with Rule 7.1A in the future will result in <u>summary denial</u> of any motion.

*Recommendation* [Docket No. 33; Filed April 11, 2008].

Plaintiff's lack of legal training does not justify his failure to follow the applicable local rules. *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (holding that *pro se* litigants must follow the same procedural rules that govern other litigants). As Plaintiff has again failed to confer with Defendants prior to filing the instant Motion, and as he was unequivocally warned about the consequences of ignoring the local rules, the Court will take the action of which Plaintiff was previously forewarned.

Accordingly, IT IS HEREBY **ORDERED** that the Plaintiff's **Motion for Injunctive**

**Relief Forthwith Pursuant to Rule 65 F.R.C.P.** [Docket No. 54; Filed July 3, 2008] is **DENIED WITHOUT PREJUDICE.** If Plaintiff wishes to re-file his Motion, he must do so on or before **August 11, 2008**.

BY THE COURT:

\_\_s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: July 28, 2008