IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00246-ZLW-KLM

RICK L. ZIMMERMAN,

      Plaintiff,

v.

THE CIT GROUP, INC.,
THE CIT GROUP/CONSUMER FINANCE, INC.,
JEFFREY M. PEEK, in his personal capacity and in his capacity as Chief Executive Officer
and Chairman of CIT Group, Inc.,
ROY STRINGFELLOW, in his personal capacity and in his capacity as Vice President of
CIT GROUP/Consumer Finance Inc.,
JOHN A. LOBUS, and
THE LAW FIRM OF JOHN A. LOBUS,

      Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on:

      (1) **CIT Defendants' Motion to Dismiss** [Docket No. 34; Filed April 14, 2008] and

**Supplement to CIT Defendants' Motion to Dismiss** [Docket No. 39; Filed April 18, 2008]

(collectively, the "CIT Motion");

      (2) **Lobus's Motion to Dismiss for Lack of Subject Matter Jurisdiction and**

**Motion for Summary Judgment** [Docket No. 44; Filed May 9, 2008] and **Lobus's Brief**

**in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion**

**for Summary Judgment** [Docket No. 45; Filed May 9, 2008] (collectively, the "Lobus

Motion");

(3) Plaintiff's **Renewed Motion for Injunctive Relief Forthwith Pursuant to Rule 65 F.R.C.P.** [Docket No. 61; Filed August 4, 2008] (the "Motion for Preliminary Injunction");

and

(4) Plaintiff's **Motion to Invoke Supplemental Jurisdiction Pursuant to 28 U.S.C. § 1367** [Docket No. 64; Filed August 20, 2008] (the "Motion for Supplemental Jurisdiction").

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.Colo.LCivR. 72.1.C., the matters have been referred to this Court for recommendation. The Court has reviewed the Motions, Plaintiff's Responses [Docket No. 42; Filed May 6, 2008] and [Docket No. 48; Filed May 23, 2008], the CIT Defendants' Reply [Docket No. 47; Filed May 23, 2008], the Lobus Defendants' Amended Reply [Docket No. 50; Filed June 16, 2008], Defendants' Responses to the Motion for Preliminary Injunction [Docket No. 63; Filed August 15, 2008] and [Docket No. 66; Filed August 25, 2008], Defendants' Responses to the Motion for Supplemental Jurisdiction [Docket No. 67; Filed September 12, 2008] and [Docket No. 68; Filed September 12, 2008], the entire case file and applicable case law and is sufficiently advised in the premises.

## I.    Statement of the Case

The following facts appear to be undisputed. On October 14, 2005, Plaintiff executed a promissory note and deed of trust in favor of Defendant The CIT Group/Consumer Finance, Inc. ("CCF"). *Complaint* [#1] at 3. Also on October 14, 2005, Plaintiff executed a promissory note and deed of trust in favor of First National Bank of Arizona ("FNBA"). *Id.* The property subject to both deeds of trust is real property in Douglas County, Colorado, with the street address of 250 Starburst Circle, Castle Rock,

Colorado (the "Property"). *Id.* at 4. In January of 2006, Plaintiff ceased making payments on the note held by CCF, and on May 11, 2006, CCF initiated a foreclosure action in Douglas County, Colorado (the "Foreclosure Action"). *CIT Motion* [#34] at 4. During a contested hearing in the Foreclosure Action, Plaintiff contended that CCF had failed to provide him with notices regarding his right to rescind the promissory note. *Id.* The Douglas County District Court held that Plaintiff had been provided with two copies of the required notice, found that CCF had complied with the requirements of C.R.C.P. 120, and entered an order authorizing the sale of the property. *Id.* However, instead of foreclosing, on October 9, 2006, CCF initiated an action in Jefferson County, Colorado to enforce the promissory note executed by Plaintiff in favor of CCF (the "Debt Action"). *Complaint* [#1] at 5. The Debt Action was filed by Defendants John Lobus and The Law Firm of John Lobus, on behalf of Defendant CCF. *Lobus Motion* [#45] at 3. A default judgment in the Debt Action was entered against Plaintiff on December 14, 2006, based upon Plaintiff's failure to respond. *Complaint* [#1] at 5. Plaintiff subsequently filed four motions for relief pursuant to C.R.C.P. 60(b), seeking to set aside the judgment in the Debt Action, all of which were denied. *Id.* at 6-9. On February 28, 2007, CCF initiated a quiet title action in Douglas County, Colorado, seeking to clear title to the Property (the "Quiet Title Action"). *CIT Motion* [#34] at 5. Plaintiff is a party to the Quiet Title Action. *Id.*

Plaintiff filed his *pro se* Complaint in this action on February 5, 2008 pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1601, *et seq.*, and 15 U.S.C. § 1692, *et seq.*[1] First, Plaintiff

---

[1]Plaintiff's Complaint originally asserted a civil conspiracy claim against all Defendants, as well as claims against Defendant Judge Randall C. Arp. *Complaint* [# 1] at 2, 9-10. However, on February 15, 2008, Plaintiff voluntarily dismissed all claims without prejudice against Judge Randall C. Arp in his official capacity pursuant to Fed.

alleges that Defendants The CIT Group, Inc. ("CIT") and CCF did not provide the "material disclosures" mandated by the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* *Complaint* [#1] at 3. Second, Plaintiff alleges that Defendants John A. Lobus, The Law Firm of John A. Lobus, CIT, CCF, Roy Stringfellow and Jeffrey M. Peek violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, by improperly filing the Debt Action in the First Judicial District of the State of Colorado and by falsely representing the character and legal status of the debt. *Id.* at 4. All Defendants have filed Motions to Dismiss the claims against them.

## II.    Standards of Review

### A.    Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

Subject matter jurisdiction is the court's authority to hear a case and cannot be waived. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).

---

R. Civ. P. 41(a)(1) [Docket No. 3]. Further, by Order dated March 20, 2008, District Judge Weinshienk dismissed Plaintiff's civil conspiracy claim pursuant to Fed. R. Civ. P. 12(b)(1) [Docket No. 11].

Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. *See Holt*, 46 F.3d. at 1003. "In a factual attack . . . the movant goes beyond the allegations in the complaint and challenges facts upon which subject matter jurisdiction depends." *Id.* at 1002. Further, "[w]hen reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations." *Id.* A court's consideration of evidence outside the pleadings, including affidavits, will not convert the motion to dismiss to a motion for summary judgment under Rule 56. *Id.* This case involves the first type of 12(b)(1) motion in that the Lobus Defendants challenge the facial sufficiency of the complaint as to subject matter jurisdiction.

**B.      Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2)**

Plaintiff bears the burden of establishing that the Court has personal jurisdiction over Defendants. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). As a court of limited jurisdiction, this Court may only exercise jurisdiction over non-resident Defendants if: (1) the long-arm statute of Colorado permits personal jurisdiction in this case; and (2) the exercise of personal jurisdiction in Colorado comports with the Due Process Clause of the United States Constitution. *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005). The Supreme Court of Colorado interprets Colorado's long-arm statute "to confer the maximum jurisdiction permitted by the due process clauses of the United States and Colorado constitutions." *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Therefore, a due process analysis of jurisdiction in this case will also satisfy Colorado's long-arm statute.

Due process first requires that the defendant have "minimum contacts" with the

forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). This requirement protects a defendant from "being subject to the binding judgment of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation omitted). The defendant must have "fair warning that a particular activity may subject [him] to jurisdiction." *Id.* Minimum contacts may be established either generally or specifically:

> Depending on the level of contact, personal jurisdiction may be either specific, in which case personal jurisdiction is based on specific activities or contacts the defendant has with the forum state, or it may be general, in which case jurisdiction is based upon "continuous or systematic contacts" between the defendant and the forum state. Under either theory of jurisdiction, the defendant's contact must be substantial enough so that exercising personal jurisdiction "does not offend traditional notions of fair play and substantial justice."

*United States v. Botefuhr*, 309 F.3d 1263, 1271-72 (10th Cir. 2002) (citations omitted).

When a district court rules on a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction based on affidavits and other written materials, as in this case, the plaintiff need only make a *prima facie* showing of personal jurisdiction to defeat the motion. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). Here, Defendants CIT and Stringfellow assert that this Court lacks personal jurisdiction over them, as they do not have the required minimum contacts with the State of Colorado. *CIT Motion* [#34] at 7.

### C.    Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

When deciding a Motion to Dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the Plaintiff. *Erickson v. Pardus*, ____ U.S.

____, 127 S. Ct. 2197 (2007). Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). The complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 495 F.3d 1182 (10th Cir. 2007). As the Tenth Circuit has explained, "the mere metaphysical possibility that <u>some</u> plaintiff could prove <u>some</u> set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that <u>this</u> plaintiff has a reasonable likelihood of mustering factual support for <u>these</u> claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174 (10th Cir. 2007). Additionally, a court evaluating a complaint tested by a motion to dismiss may only consider the complaint and any documents attached to it as exhibits. *Hall*, 935 F.2d at 1112; *see also Erickson*, 127 S. Ct. at 2200 (evaluating sufficiency of complaint by reference only to the allegations of the complaint). Here, CIT Defendants assert that Plaintiff fails to state a claim for TILA and FDCPA relief. *CIT Motion* [#34] at 12-16.

### D. Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion, and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). Fed. R. Civ. P. 56(c) provides that summary judgment may be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

7

material fact and that the moving party is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating, by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. *Id.* at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). Here, Lobus Defendants move for summary judgment on Plaintiff's FDCPA claim, asserting that it was filed outside the applicable statute of limitations.

Finally, because Plaintiff here is proceeding *pro se*, the Court construes his pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). Even so, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because a "*pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

## III. CIT Defendants' Motion to Dismiss

Defendants CIT, CCF, Jeffrey M. Peek and Roy Stringfellow (collectively, the "CIT Defendants") move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and

12(b)(6), or in the alternative, *Colorado River Water Conservation District v. United States* or Fed. R. Civ. P. 56(b).  *CIT Motion* [#34] at 1.

## A.    Personal Jurisdiction

CIT Defendants first argue that the Court lacks personal jurisdiction over Defendants CIT and Stringfellow, and request dismissal of the Complaint against them, pursuant to Fed. R. Civ. P. 12(b)(2).  *CIT Motion* [#34] at 7.

### 1.    Defendant CIT

Although Defendants do not dispute that the Court has personal jurisdiction over CCF, they argue that the Court lacks personal jurisdiction over CCF's parent company, CIT. *CIT Motion* [#34] at 9.  Defendants argue that Plaintiff's "Complaint fails to make a single concrete allegation against CIT that would allow this Court to exercise personal jurisdiction. In fact, the only specific allegation against CIT is that it is the parent of CCF.  Although [Plaintiff] attempts to blur the line between CIT and CCF by referring in his Complaint to both as "CIT", the two corporate entities are distinguishable and must be treated as such for purposes of determining personal jurisdiction."  *Id.*  Defendants further argue that "absent an argument to disregard a corporate entity, evaluation of a parent corporation's contacts is separate from a subsidiary's contacts with the forum state."  *Id.* at 8 (citing *Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004)).  The Court must first determine whether it may exercise either general or specific personal jurisdiction over Defendant CIT.

### a.    General Jurisdiction

General jurisdiction lies when the defendant's contacts with the forum state are so

"continuous and systematic" that the state may exercise personal jurisdiction over the defendant, even if the suit is not related to the defendant's activities within the state. *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996) (citation omitted). Here, there is no indication that CIT had continuous and systematic contact with the forum state, Colorado. CIT is incorporated pursuant to the laws of the State of Delaware with its principal place of business located at 505 Fifth Avenue, New York, New York, 10017. *CIT Motion* [#34] at Ex. L. Defendants further state that "CIT is not qualified to do business in the State of Colorado, does not have a designated agent for service of process in Colorado and does not employ anyone in Colorado. Moreover, CIT does not lease or own any real property in Colorado." *Id.* at Ex. L; Ex. M; Ex. N. Indeed, Plaintiff's Complaint contains no allegations that would lead the Court to believe that CIT's contacts with the forum state of Colorado have been continuous and systematic.

To the extent that Plaintiff's Complaint can be read to argue that the Court should disregard the corporate entity, and treat CCF and CIT as the same legal entity in order to establish personal jurisdiction over CIT, the Court also finds that the argument is without merit. The mere presence in Colorado of a wholly owned subsidiary does not by itself subject the absent parent corporation to the state's jurisdiction, where the two companies are operated as distinct entities. *See SGI Air Holdings II LLC v. Novartis Intern., AG*, 192 F. Supp. 2d. 1195, 1200 (D. Colo. 2002) (citing *Bolger v. Dial-A-Style Leasing Corp.*, 159 Colo. 44 (1966)). The Tenth Circuit has established that "[a]bsent circumstances justifying disregard of the corporate form, a parent company is treated as a legal entity separate from the subsidiary." *Skidmore, Owings & Merrill v. Canada Life Assur. Co.*, 907 F.2d 1026, 1027 (10th Cir. 1990) (citing *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1362 (10th Cir.

1974); *New Sheridan Hotel & Bar, Ltd. v. Commercial Leasing Corp., Inc.*, 645 P.2d 868, 869 (Colo. App. 1982)). "Circumstances justify disregard of the corporate entity if separation of the two entities has not been maintained and injustice would occur to third parties if the separate entity were recognized." *Quarles*, 504 F.2d at 1362 (citing *Garden City Co. v. Burden*, 186 F.2d 651 (10th Cir. 1951)). Further, "[d]isregarding the corporate form is a drastic remedy. . . . 'Corporate veils exist for a reason and should be pierced only reluctantly and cautiously. The law permits the incorporation of businesses for the very purpose of isolating liabilities among separate entities.'" *Skidmore*, 907 F.2d at 1027 (citing *Cascade Energy & Metals Corp. v. Banks*, 896 F.2d 1557, 1576 (10th Cir. 1990)).

Defendants have provided the affidavit of Eric Mandelbaum, Senior Vice President and Deputy General Counsel of CIT. *CIT Motion* [#34] at Ex. L. Mr. Mandelbaum attests that CCF is a wholly owned subsidiary of CIT, that CIT and CCF maintain separate boards of directors, and that CIT does not manage the affairs of CCF on a daily basis. *Id.* at 2. Further, nothing alleged in the Complaint indicates that the two companies are not operated as distinct entities. While it is undisputed that Defendant CIT's subsidiary, CCF, engages in continuous and systematic contact with Colorado, absent some showing that CIT exerts some control over the day-to-day activities of CCF, or a showing of entanglement, the Court cannot base general jurisdiction over CIT on the activity of its subsidiary CCF. *Skidmore, Owings & Merrill*, 907 F.2d at 1027; *SGI Air Holdings II LLC*, 192 F. Supp. 2d. at 1200. Plaintiff has failed to assert any facts on which this Court could find that it should exercise general jurisdiction over Defendant CIT on the basis of control exerted over its subsidiary Defendant CCF. Because Plaintiff has not established that CIT has "continuous and systematic general business contacts" with Colorado, an exercise of general personal

11

jurisdiction over CIT is improper. *See Benton*, 375 F.3d at 1081.

### b. Specific Jurisdiction

Specific jurisdiction exists when a defendant "purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). For purposes of finding specific jurisdiction, the suit must be related to the defendant's actions in the forum state. *Id.* The non-resident defendant's contacts with the forum state must be such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. These requirements are satisfied if "after reviewing the defendant['s] interactions and connections with the forum state, the court can conclude" that defendant "purposefully availed [itself] of the protection and benefits of the laws" of Colorado, the forum state. *Botefuhr*, 309 F.3d at 1272 (quotation omitted). As previously stated, CIT is incorporated pursuant to the laws of the State of Delaware with its principal place of business located in New York City. *CIT Motion* [#34] at Ex. L. Defendants further state that "CIT is not qualified to do business in the State of Colorado, does not have a designated agent for service of process in Colorado and does not employ anyone in Colorado. Moreover, CIT does not lease or own any real property in Colorado." *Id.* at Ex. L; Ex. M; Ex. N. Even assuming that the allegations in Plaintiff's Complaint are true, they do not establish a factual basis on which this Court may assert specific personal jurisdiction over Defendant CIT. There are no allegations that Defendant CIT has "purposely avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson*, 357 U.S. at 253. Further, the Court has reviewed Defendant CIT's assertions regarding its interactions with Colorado (or lack

12

thereof) and cannot conclude that CIT "purposefully availed [itself] of the protection and benefits of the laws" of Colorado, the forum state. *Botefuhr*, 309 F.3d at 1272. Therefore, the Court finds no basis for exercising either general or specific personal jurisdiction over Defendant CIT.

Accordingly, the Court respectfully **RECOMMENDS** that the CIT Motion [#34] be **GRANTED** and that the claims against Defendant CIT be **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(2).

### 2.    Defendant Stringfellow

Defendants further argue that the allegations in the Complaint do not set forth sufficient facts that would give rise to personal jurisdiction over Defendant Stringfellow. *CIT Motion* [#34] at 7.

### a.    General Jurisdiction

As set forth above, general jurisdiction lies when the defendant's contacts with the forum state are so "continuous and systematic" that the state may exercise personal jurisdiction over the defendant, even if the suit is not related to the defendant's activities within the state. *Trierweiler*, 90 F.3d at 1532-33. Defendant Stringfellow is a Vice President of CCF. *CIT Motion* [#34] at Ex. O. He attests that he is a resident of Oklahoma, and his business address is 715 S. Metropolitan Ave., Oklahoma City, Oklahoma. *Id.* at 2. He further attests that he has never resided in Colorado, has never conducted business in Colorado, nor availed himself of the benefits and protections of Colorado's laws, nor otherwise engaged in any activities in this state. *Id.* The Complaint is devoid of allegations that Defendant Stringfellow's contacts with the forum state of Colorado are "continuous and

systematic," such that the Court could properly exercise general personal jurisdiction over him. Because Plaintiff has not established "continuous and systematic general business contacts" with Colorado, an exercise of general jurisdiction over Defendant Stringfellow is improper. *See Benton*, 375 F.3d at 1081.

### b. Specific Jurisdiction

Specific jurisdiction exists when a defendant "purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson*, 357 U.S. at 253. For purposes of finding specific jurisdiction, the suit must be related to the defendant's actions in the forum state. *Id.* The non-resident defendant's contacts with the forum state must be such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. These requirements are satisfied if "after reviewing the defendant['s] interactions and connections with the forum state, the court can conclude" that defendant "purposefully availed [itself] of the protection and benefits of the laws" of Colorado, the forum state. *Botefuhr*, 309 F.3d at 1272 (quotation omitted).

Plaintiff appears to argue that specific personal jurisdiction exists over Defendant Stringfellow based upon Stringfellow's involvement in the Debt Action, as Plaintiff alleges in his Complaint that "Roy Stringfellow, of CIT, submitted sworn affidavit to the state court representing that the venue in the 1st Judicial District was proper, . . . ." *Complaint* [#1] at 5. In his Response, Plaintiff again states that "Roy Stringfellow signed the affidavit misrepresenting the character of the debt and committing fraud upon the court by deliberately misrepresenting that the 1st Judicial District was the proper venue. How can Roy Stringfellow **NOT** be a proper party to this action?" *Response* [#42] at 7 (emphasis in

original).  Defendant Stringfellow agrees that his "sole involvement with the litigation filed by CCF against [Plaintiff] in Douglas County and Jefferson County, Colorado was the completion of an 'Affidavit in Support of Motion for Default Judgment,' in *The CIT Group/Consumer Finance, Inc. v. Rick L. Zimmerman*, Case No. 2006CV3908, pending in Jefferson County District Court, which [Defendant Stringfellow] signed in Oklahoma City on November 7, 2006." *CIT Motion* [#34] at Ex. O.  However, other than his statement that Defendant Stringfellow signed an affidavit in the Debt Action, Plaintiff's Complaint does not contain any allegations showing that Defendant Stringfellow has created "continuing relationships and obligations with citizens of [Colorado]" such that due process would be satisfied.  *Response* [#42] at 8.  Plaintiff cites no authority for the proposition that signing an affidavit in Oklahoma in support of an action to enforce a promissory note in Colorado constitutes "purposely avail[ing] [one]self of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson*, 357 U.S. at 253.  Moreover, the Court is aware of a case from the Eastern District of Michigan where the court held that the defendant's completion of an affidavit in support of foreclosure proceedings was not an act sufficient to support personal jurisdiction.  *See White v. Greece*, 2008 WL 360630, at *2-3 (E.D. Mich. Feb. 8, 2008) (unpublished decision).  Although not binding precedent, the Court finds this reasoning persuasive.  The Court has reviewed Defendant Stringfellow's "interactions and connections with" Colorado and does not conclude that Defendant Stringfellow "purposefully availed [himself] of the protection and benefits of the laws" of Colorado, the forum state.  *Botefuhr*, 309 F.3d at 1272.  Therefore, the Court finds no basis for exercising either general or specific personal jurisdiction over Defendant Stringfellow.

Accordingly, the Court respectfully **RECOMMENDS** that the CIT Motion [#34] be **GRANTED** and that the claims against Defendant Stringfellow be **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(2).

### 3. Federal Truth in Lending Act Claim

Plaintiff alleges that the remaining CIT Defendants did not provide the "material disclosures" mandated by the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq. Complaint* [#1] at 3. Defendants argue that "[o]n the face of the Complaint it is clear that [Plaintiff's] TILA claims fall outside the one-year limitations period and should be dismissed. Under TILA, the one-year limitations period runs from the date of the alleged violation." *CIT Motion* [#34] at 15 (citing *Oldroyd v. Assoc. Consumer Discount Co./PA, et al.*, 863 F.Supp. 237, 240-41 (E.D. Pa. 1994)). Defendants further argue that, "[i]f a violation of TILA occurred, which the CIT Defendants do not concede, it occurred on or before October 15, 2005, and [Plaintiff's] Complaint was filed far outside the limitations period." *CIT Motion* [#34] at 15.

TILA is a remedial statute, designed to prevent predatory creditor practices, and must be liberally construed in favor of the consumer. *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002); *James v. Ford Motor Credit Co.*, 638 F.2d 147, 149 (10th Cir. 1980). Actions for civil liability pursuant to TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "A violation occurs, and the one year limitations period begins to run, 'when credit is extended through the consummation of the transaction between the creditor and its customer without the required disclosures being made.'" *Betancourt v. Countrywide Home Loans, Inc.*, 344 F.Supp.2d 1253, 1258 (D. Colo.

2004) (quoting *Dryden v. Lou Budke's Arrow Finance Co.*, 630 F.2d 641, 646 (8th Cir. 1980)).

Plaintiff alleges that Defendant CCF failed to make the required TILA disclosures in connection with the consumer credit transaction completed on or about October 14, 2005. *Complaint* [#1] at 3; *Response* [#42] at 5. By his own admission, Plaintiff executed the refinance loan documents on October 14, 2005. *Complaint* [#1] at 3; *CIT Motion* [#34] at 15. Therefore, the statute of limitations began to run on October 14, 2005, and Plaintiff had until October 14, 2006 to file an action alleging that TILA disclosure violations occurred. However, Plaintiff's Complaint [#1] was filed on February 5, 2008. Consequently, Plaintiff's TILA claim is barred by the one-year limitations period set forth in Section 1640(e). *See, e.g., Sanborn v. Am. Lending Network*, 506 F.Supp.2d 917, 924 (D. Utah 2007) (finding that a TILA claim must be filed within one year of the date of the alleged violation); *Lee v. Imperial Lending, LLC*, 2007 WL 2572267, at *4 (D. Colo. Aug. 20, 2007) (unpublished decision) (finding that a plaintiff's failure to file a TILA claim within one year of the alleged violation mandated its dismissal).

Accordingly, the Court respectfully **RECOMMENDS** that the CIT Motion [#34] be **GRANTED** and that Plaintiff's TILA claim be **DISMISSED** for failure to meet the one-year statute of limitations.

### 4. Federal Fair Debt Collection Practices Act Claim

Plaintiff also claims that the CIT Defendants violated the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (the "FDCPA") by improperly filing the Debt Action in the First Judicial District of the State of Colorado and by falsely representing the character and

17

legal status of the debt. *Complaint* [#1] at 4. CIT Defendants argue that Plaintiff's FDCPA claim must be dismissed because Plaintiff cannot establish that any of the CIT Defendants are "debt collectors" within the meaning of the FDCPA. *CIT Motion* [#34] at 17. Defendants state that "[b]y definition, CCF is not a debt collector. CIT does not collect debts and does not institute foreclosures on its behalf or on behalf of others. Accordingly, neither Peek nor Stringfellow, employees of CIT and CCF, would not [sic] be considered 'debt collectors.'" *Id.* (internal citations omitted).[2]

The FDCPA prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e. The FDCPA specifically defines "debt collectors" as those engaged in "any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due to asserted to be owed or due another." 15 U.S.C. § 1692a(6). Therefore, according to its terms, the FDCPA is limited in its application to those collecting the debts "of another" and does not apply to the activities of creditors seeking to collect their own debts. *Id.* Moreover, the FDCPA provides that a creditor who collects its own debt using its own name is not a "debt collector." *Id.* The plaintiff in an FDCPA claim bears the burden of proving the defendant's debt collector status. *See Goldstein v. Hutton, Ingram, Yuzek, Gainen, Caroll & Bertolotti*, 374 F.3d 56, 60 (2d. Cir. 2004).

It is undisputed that Plaintiff's debt originated with CCF. *Complaint* [#1] at 3. Plaintiff has not alleged that CCF seeks to collect the debt of another, or that it has

---

[2]The Court addresses only the arguments related to Defendants CCF and Peek, as it has previously found that it lacks personal jurisdiction over Defendants CIT and Stringfellow.

attempted to collect its own debt under a different name, and indeed there is no evidence of either. Instead, it appears from the face of the Complaint that CCF has attempted to collect its own debt. *See, e.g., Complaint* [#1] at 4. As such, the pleadings illustrate that CCF is a creditor attempting to collect its own debt, and therefore is not a debt collector subject to the FDCPA. *See, e.g., HSBC Bank USA Nat. Ass'n. As Trustee v. Crowe*, 2007 WL 4557829, at *1 (D. Colo. Dec. 20, 2007) (unpublished decision) (citing *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 190 (S.D. Tex. 2007) (mortgage lenders collecting their own debts are not "debt collectors," within the meaning of the FDCPA)); *see also Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D. Or. 2002) (holding "the activity of foreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA."). Because CCF is not a "debt collector" subject to liability pursuant to the FDCPA, Plaintiff cannot state a claim against CCF pursuant to the Act.

Neither is Defendant Peek, who is an employee of CIT and CCF, considered a "debt collector." *See* 15 U.S.C. 1692a(6)(A) ("[t]he term 'debt collector' . . . does not include – (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor; . . . ."). Construing Plaintiff's allegations in the light most favorable to him, they do not support the finding that Defendant CCF or Defendant Peek are debt collectors subject to liability within the meaning of the FDCPA.

Accordingly, the Court respectfully **RECOMMENDS** that the CIT Motion [#34] be **GRANTED** and that Plaintiff's claim against CIT Defendants brought pursuant to the FDCPA be **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6).

**IV.    Lobus Motion to Dismiss and Motion for Summary Judgment**

Plaintiff alleges that Defendants John A. Lobus and The Law Firm of John A. Lobus, P.C. (collectively, the "Lobus Defendants") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, by improperly filing the Debt Action in the First Judicial District of the State of Colorado and by falsely representing the character and legal status of the debt. *Complaint* [#1] at 4. The Lobus Defendants move to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative, Fed. R. Civ. P. 56(b). *Lobus Motion* [#44] at 1.

**A.    Rooker-Feldman Doctrine**

The Lobus Defendants contend that the *Rooker-Feldman* doctrine bars this Court from asserting subject matter jurisdiction over Plaintiff's FDCPA claim. *Lobus Motion* [#45] at 8. The Lobus Defendants argue that "[b]ecause [Plaintiff's] sole claim for relief, that Lobus violated the FDCPA when he brought the state court action, requires this Court to review and reconsider the orders and judgment in the state court action, it is barred by the *Rooker-Feldman* doctrine and should be dismissed." *Id.*

"*Rooker-Feldman* precludes federal district courts from effectively exercising appellate jurisdiction over claims 'actually decided by a state court' and claims 'inextricably intertwined' with a prior state-court judgment." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006) (citations omitted). In 2005, the Supreme Court narrowed the scope of the *Rooker-Feldman* doctrine by mandating that it be applied only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544

U.S. 280, 284 (2005).  However, a court is not barred from exercising jurisdiction under *Rooker-Feldman*, even if a plaintiff attempts to litigate in federal court a matter previously litigated in state court, so long as the plaintiff "presents some independent claim." *Id.* at 293.  This is true even if finding in the federal plaintiff's favor "denies a legal conclusion that a state court has reached in a case to which he was a party." *Id.*

In the instant case, Plaintiff has asserted an independent claim against the Lobus Defendants pursuant to the FDCPA.  Neither party asserts this FDCPA claim was pursued in state court.  Therefore, in requesting that this Court determine whether Defendants engaged in abusive debt collection practices prohibited by the FDCPA, Plaintiff does not seek appellate review of the state court's decisions regarding the Debt Action.  As the Tenth Circuit explained in *Bolden v. City of Topeka*, 441 F.3d 1129, 1143 (10th Cir. 2006):

> Appellate review - the type of judicial action barred by *Rooker-Feldman* - consists of a review of the proceedings already conducted by the "lower" tribunal to determine whether it reached its result in accordance with law. When, in contrast, the second court tries a matter anew and reaches a conclusion contrary to a judgment by the first court, without concerning itself with the *bona fides* of the prior judgment (which may or may not have been a lawful judgment under the evidence and argument presented to the first court), it is not conducting appellate review, regardless of whether compliance with the second judgment would make it impossible to comply with the first judgment.

In addition, the Tenth Circuit has directed that courts should scrutinize the relief sought by the plaintiff in order to specifically determine "whether the state-court judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress." *Mo's Express*, 441 F.3d at 1237 (citation omitted).  While Plaintiff's Complaint can be construed as requesting that the state court judgment in the Debt Action be vacated, it is also clear that Plaintiff's primary allegation is that the Lobus Defendants

committed fraud in bringing the Debt Action and misrepresenting the "character and legal status of the debt," and that such alleged actions caused the alleged injury for which Plaintiff now seeks redress pursuant to the FDCPA.  *Complaint* [#1] at 10.

Accordingly, determining whether Defendants violated the FDCPA does not require that this Court concern itself with the *bona fides* of the prior judgment.  *See Kelly v. Wolpoff & Abramson, L..L.P.*, 2007 WL 2381536, at *3-4 (D. Colo. Aug. 17, 2007) (finding that *Rooker-Feldman* did not bar the court from asserting subject matter jurisdiction over FDCPA claims where they were not asserted in state court).  I find that the *Rooker-Feldman* doctrine does not bar this Court from asserting subject matter jurisdiction over Plaintiff's FDCPA claim against the Lobus Defendants.

### B.    FDCPA Statute of Limitation

The Lobus Defendants next move for summary judgment on Plaintiff's FDCPA claim, arguing that Plaintiff "did not bring the instant action within one year of the alleged FDCPA violation as required by 15 U.S.C. § 1692k(d)."  *Lobus Motion* [#45] at 11.

15 U.S.C. § 1692k(d) provides that "[a]n action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."  Moreover, "all that is required to trigger the [FDCPA] statute of limitations is sufficient information to put plaintiffs on notice to make further inquiry if they harbor doubts or questions."  *Griffiths-Rast v. Sulzer Spine Tech.*, 216 Fed. Appx. 790, 792-93 (10th Cir. 2007) (quotation omitted).  The Tenth Circuit has held that "where the plaintiff's FDCPA claim arises from the instigation of a debt collection suit, the plaintiff does not have a 'complete and present cause of action,' and thus no

violation occurs within the meaning of § 1692k(d), until the plaintiff has been served." *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002) (internal citation omitted); *see also Maxwell v. Barney*, 2008 WL 1981666, at *2-3 (D. Utah May 2, 2008) (unpublished decision) (statute of limitations on FDCPA claim begins to run upon service of process).

Pursuant to Fed. R. Civ. P. 56, the moving party bears the initial burden, by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, to demonstrate the absence of genuine issues of material fact. *Celotex Corp.*, 477 U.S. at 325. Defendants allege that the FDCPA statute of limitations began to run on October 6, 2006, the date they state that Plaintiff was served with the summons and Complaint in the Debt Action. *Lobus Motion* [#45] at 13. In order to meet their initial burden on summary judgment, Defendants have attached an Affidavit of Service to their Motion for Summary Judgment. *See id.* at Ex. B [#45-3]. Charles Gilbert, the affiant, swears that he personally served Plaintiff with a true copy of the summons and complaint at Mr. Zimmerman's place of employment on October 6, 2006. *Id.* The affidavit was properly sworn and notarized on October 7, 2006. *Id.*

The party opposing the motion is required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 325. Plaintiff alleges that he "was never properly served notice of the second action to collect the debt . . . . On or about January 30, 2007, Lobus, on behalf of CIT, asked for and was granted, a writ of continuing garnishment . . . against Plaintiff and commenced attachment of Plaintiff's wages from Lakewood Fordland. This is when the Plaintiff first became aware of the second action filed by Lobus and CIT and judgment awarded thereto." *Complaint* [#1] at 6. In Plaintiff's Response, he again alleges

that he was "never properly served" in the action filed in Jefferson County, although he provides no further explanation or support for this argument. *Response* [#48] at 3. The Court notes that neither Plaintiff's Response nor his Complaint make any reference to any of the statements asserted therein as being attested under oath, as required by Fed. R. Civ. P. 56(e). Therefore, Plaintiff's unsworn pleadings are not sufficient to create a genuine issue as to any material fact, as they may not be considered by this Court. *See, e.g., Hayes v. Marriott*, 70 F.3d 1144, 1148 (10th Cir. 1995) (holding that unsworn statements did not warrant the grant of summary judgment); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1998) (holding that an affidavit which is "neither sworn nor its contents stated to be true and correct nor stated under penalty of perjury . . . is incompetent to raise a fact issue precluding summary judgment"); *Gallegos v. Swift & Co.*, 237 F.R.D. 633, 641 (D.Colo. 2006) (finding that courts "need not consider evidence that does not conform to the[] requirements" of Fed. R. Civ. P. 56(e)).

The Court has viewed the record "in the light most favorable" to Plaintiff, the non-movant. *Adickes*, 398 U.S. at 157. The Court finds that the pleadings and the affidavits on file show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson,* 477 U.S. at 248-50; *Concrete Works, Inc.,* 36 F.3d at 1517. As Plaintiff has provided no more than his unsupported conclusory allegations and inadmissible evidence, he has not created a genuine issue of fact as to whether he was properly served on October 6, 2006. *See Celotex Corp.,* 477 U.S. at 323. Therefore, the Court finds that Plaintiff's FDCPA claim is barred by the applicable statute of limitations. *See* 15 U.S.C. § 1692k(d); *Riddle*, 305 F.3d at 1113.

24

Accordingly, the Court respectfully **RECOMMENDS** that the Lobus Motion [#45] be **GRANTED in part and DENIED in part**, and that Plaintiff's claim brought pursuant to the FDCPA against the Lobus Defendants be **DISMISSED** for failure to meet the statute of limitations.

## V.     Motion for Preliminary Injunction and Motion for Supplemental Jurisdiction

Plaintiff has also filed a Motion for Preliminary Injunction, stating that he seeks an order "prohibiting any further enforcement by the defendants of the void judgment in case number 06CV3908 from the Jefferson County District Court, a judgment central to the controversy in the instant matter, and any subsequent efforts to collect on the related and purported debt." *Motion for Preliminary Injunction* [#61] at 1-2. Defendants argue that Plaintiff is not entitled to injunctive relief for numerous reasons, including that the requested relief is moot and that Plaintiff has not established a substantial likelihood of success on the merits. *Response* [#63] at 3.

A preliminary injunction is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colorado*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*

Even were Plaintiff able to establish the first three elements required for a

preliminary injunction, the Court has indicated above that there is no likelihood of success on the merits of Plaintiff's case, and indeed, has recommended that the case be dismissed. Accordingly, the Court respectfully **RECOMMENDS** that Plaintiff's **Renewed Motion for Injunctive Relief Forthwith Pursuant to Rule 65 F.R.C.P.** [Docket No. 61; Filed August 4, 2008] be **DENIED AS MOOT**.

Plaintiff has also filed a "Motion for Supplemental Jurisdiction," which apparently requests that the Court exercise supplemental jurisdiction over certain of Plaintiff's claims currently pending in state court. *Motion for Supplemental Jurisdiction* [#64] at 2-3. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." Given that the Court has recommended that Plaintiff's case be dismissed, no civil action remains such that the Court may exercise supplemental jurisdiction over any state court claims.

Accordingly, the Court respectfully **RECOMMENDS** that Plaintiff's **Motion to Invoke Supplemental Jurisdiction Pursuant to 28 U.S.C. § 1367** [Docket No. 64; Filed August 20, 2008] be **DENIED AS MOOT**.

**VII.    Conclusion**

As set forth above, the Court respectfully **RECOMMENDS** the following:

(1) that **CIT Defendants' Motion to Dismiss** [Docket No. 34; Filed April 14, 2008] be **GRANTED** and that Plaintiff's Complaint be **DISMISSED** for the following reasons:

(a) pursuant to Fed. R. Civ. P. 12(b)(2) because the Court lacks personal jurisdiction over Defendant The CIT Group, Inc.;

(b) pursuant to Fed. R. Civ. P. 12(b)(2) because the Court lacks personal jurisdiction over Defendant Roy Stringfellow;

(c) pursuant to Fed. R. Civ. P. 12(b)(1) because the statute of limitations has expired with respect to Plaintiff's TILA claim against Defendant The CIT Group/Consumer Finance, Inc.;

(d) pursuant to Fed. R. Civ. P. 12(b)(1) because the statute of limitations has expired with respect to Plaintiff's TILA claim against Defendant Jeffrey M. Peek; and

(e) pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a claim upon which relief may be granted pursuant to the FDCPA against Defendants The CIT Group/Consumer Finance, Inc. and Jeffrey M. Peek; and

(2) that **Lobus's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Summary Judgment** [Docket No. 44; Filed May 9, 2008] be **GRANTED in part and DENIED in part** and that summary judgment be granted on Plaintiff's FDCPA claim for the following reasons:

(a) that it be **denied** pursuant to the Rooker-Feldman doctrine; and

(b) that it be **granted** pursuant to Fed. R. Civ. P. 56 because the statute of limitations has expired with respect to Plaintiff's FDCPA claim against Defendants John A. Lobus and The Law Firm of John A. Lobus; and

(3) that **Plaintiff's Renewed Motion for Injunctive Relief Forthwith Pursuant to Rule 65 F.R.C.P.** [Docket No. 61; Filed August 4, 2008] be **DENIED AS MOOT**; and

(4) that **Plaintiff's Motion to Invoke Supplemental Jurisdiction Pursuant to 28 U.S.C. § 1367** [Docket No. 64; Filed August 20, 2008] be **DENIED AS MOOT**.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: October 6, 2008