IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00246-ZLW-KLM

RICK L. ZIMMERMAN,

    Plaintiff,

v.

THE CIT GROUP, INC.,
THE CIT GROUP/CONSUMER FINANCE, INC.,
JEFFREY M. PEEK, in his personal capacity and in his capacity as Chief Executive Officer and Chairman of CIT Group, Inc.,
ROY STRINGFELLOW, in his personal capacity and in his capacity as Vice President of CIT GROUP/Consumer Finance Inc.,
JOHN A. LOBUS, and
THE LAW FIRM OF JOHN A. LOBUS,

    Defendants.
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Request for Clarification** [Docket No. 86; Filed November 6, 2008] (the "Motion"). The Court must construe the motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

    As a preliminary matter, I find that Plaintiff's Motion must fail because Plaintiff has again failed to fulfill his obligation to confer with the opposing counsel prior to filing his motion, pursuant to D.C.Colo.LCivR. 7.1A. Rule 7.1A states "[t]he court *will not consider* any motion, other than a motion under Fed.R.Civ.P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable,

good-faith efforts to confer with opposing counsel or a *pro se* party to re solve the disputed matter . . . ." Plaintiff's Motion contains no certification pursuant to Rule 7.1A. Plaintiff has been warned by this Court about his obligations pursuant to Rule 7.1A several times, and the Court could summarily deny the Motion on these grounds.

However, the Court also notes that the relief Plaintiff seeks is that the Court clarify whether or not Plaintiff may request that declaratory judgment be entered by motion, as Plaintiff has filed two motions for declaratory judgment dated October 8, 2008 [Docket No. 73 and 74]. Plaintiff's request for clarification is inappropriate for two reasons. First, Plaintiff is essentially seeking legal advice from the Court regarding whether his motions are procedurally proper. The Court may not, and will not, give legal advice to parties, regardless of whether they are proceeding *pro se*. Second, by requesting this clarification, Plaintiff also, in essence, seeks a ruling on his motions for declaratory judgment. The Court will rule on Plaintiff's motions for declaratory judgment in due course, and Plaintiff may not seek an expedited ruling on his motions for declaratory judgment via a request for clarification.

Accordingly, as set forth above, IT IS HEREBY **ORDERED** that Plaintiff's **Request for Clarification** [Docket No. 86; Filed November 6, 2008] is **DENIED**.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: November 10, 2008