IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 08-cv-00246-ZLW-KLM

RICK L. ZIMMERMAN,

    Plaintiff,

v.

THE CIT GROUP, INC.;
THE CIT GROUP/CONSUMER FINANCE, INC;
JEFFREY M. PEEK, in his personal capacity and in his capacity as Chief Executive
Officer and Chairman of CIT Group, Inc.;
ROY STRINGFELLOW, in his personal capacity and in his capacity as Vice President of
CIT GROUP/Consumer Finance Inc.;
JOHN A. LOBUS; and
THE LAW FIRM OF JOHN A. LOBUS,

    Defendants.

_____

**ORDER OF DISMISSAL**
_____

    The matters before the Court are the following:

    1.) CIT Defendants' Motion To Dismiss (Doc. No. 34),

    2.) Lobus's Motion To Dismiss For Lack Of Subject Matter Jurisdiction And

Motion For Summary Judgment (Doc. No. 44),

    3.) Plaintiff's Renewed Motion For Injunctive Relief Forthwith Pursuant To Rule

65 F.R.C.P. (Doc. No. 61),

    4.) Plaintiff's Motion To Invoke Supplemental Jurisdiction Pursuant To 28 U.S.C.

§ 1367 (Doc. No. 64),

5.) Plaintiff's Motion For Declaratory Judgment (Doc. No. 73),

6.) Plaintiff's Motion For Declaratory Judgment Regarding Filing In Improper Judicial District (Doc. No. 74), and

7.) CIT Defendants' Motion To Supplement Responses (Doc. No. 81).

Doc. Nos. 34, 44, 61, and 64 were referred to Magistrate Judge Kristen L. Mix pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C. On October 6, 2008, the Magistrate Judge issued her Recommendation (Doc. No. 72) that Defendants' motions (Doc. Nos. 34 & 44) be granted in part and denied in part, that Plaintiff's motions (Doc. Nos. 61 & 64) be denied as moot, that judgment be entered for Defendants, and that the case should be dismissed. Plaintiff timely filed objections to the Recommendation.

Plaintiff's remaining claims in the case can be summarized as follows. First, Plaintiff claims that Defendants The CIT Group, Inc. (CIT) and The CIT Group/Consumer Finance, Inc. (CCF) did not provide the "material disclosures" mandated by the Federal Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq*. Second, Plaintiff claims that Defendants John A. Lobus, The Law Firm of John A. Lobus (collectively, The Lobus Defendants), CIT, CCF, Roy Stringfellow, and Jeffrey M. Peek violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, by improperly filing a case in the First Judicial District of the State of Colorado and by falsely representing the character and legal status of the debt.[1]

---

[1] For a thorough recitation of the undisputed facts of the case, see Recommendation at 2-4.

As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Court has reviewed de novo the portions of the Recommendation to which Plaintiff objected. The Court will address these objections in context of each of the Magistrate Judge's recommendations. As a *pro se* litigant, the Court has construed Plaintiff's objections liberally.[2] For the reasons stated below, the Court modifies the Recommendation in part, but accepts and adopts the Magistrate Judge's conclusion that the case should be dismissed.

Motion to Dismiss - The CIT Group, Inc.[3]

The Magistrate Judge found that the Court lacks personal jurisdiction over CIT and recommends dismissal pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiff makes no objections to these findings. The Court agrees with the Recommendation and will dismiss the claims against CIT without prejudice for lack of personal jurisdiction.

Motion to Dismiss - Roy Stringfellow[4]

The Magistrate Judge also found that the Court lacks personal jurisdiction over Roy Stringfellow, an Oklahoma resident who is a Vice President of CCF, and recommends dismissal of Stringfellow pursuant to Fed. R. Civ. P. 12(b)(2). The

---

[2]Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1187 (10th Cir. 2003).

[3]Recommendation at 9-13.

[4]Recommendation at 13-16.

Magistrate Judge determined that Stringfellow's only involvement in this action is that he submitted an affidavit in support of CCF's motion for default judgment in state court. The Magistrate Judge held that "signing an affidavit in Oklahoma in support of an action to enforce a promissary note in Colorado" is insufficient contact for this Court to exercise specific jurisdiction over Stringfellow.[5] Plaintiff objects to the Magistrate Judge's legal conclusions.[6] After de novo review of the issue, the Court will sustain Plaintiff's objection.

For this Court to have personal jurisdiction over Stringfellow, Plaintiff must establish that Stringfellow has "certain minimum contacts with [Colorado] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[7] Specific jurisdiction, as opposed to general jurisdiction,[8] exists when a "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into Court there."[9]

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will

---

[5] Recommendation at 15 (citing White v. Greece, 2008 WL 360630 (E.D. Mich. Feb. 8, 2008)).

[6] P.'s Objection to Magistrate Judge's Recommendation . . . (Doc. No. 77; Oct. 16, 2008) at 9 ¶ 25 (excerpts from HomeBingo Network, Inc. v. Chayevsky, 428 F. Supp. 2d 1232 (S.D. Ala. 2006), taken as Plaintiff's objections).

[7] Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). It is Plaintiff's burden to establish personal jurisdiction. Intercon, Inc. v. Bell Atl. Internet Solutions, Inc., 205 F.3d 1244, 1247 (10th Cir. 2000).

[8] Plaintiff does not object, and the Court agrees with the Recommendation, that an exercise of general jurisdiction over Stringfellow is improper under the facts of this case.

[9] World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

> vary with the quality and nature of the defendant's activity, but it is essential in each case that there be <u>some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws</u>.[10]

In this case, there is no dispute that Stringfellow was acting in his capacity as an officer of CCF when he produced the affidavit used in state court. Attempting to enforce the parties' contract is an activity where Stringfellow is "invoking the benefits and protections of [Colorado's] law," especially since that enforcement activity is directly involving Colorado's court system. Stringfellow purposefully availed himself of the privilege to conduct activities in Colorado (enforcement of note) in exchange for obtaining the direct financial benefits of those activities (judgment on the note). Attempting to resolve a dispute via the Colorado court system should reasonably cause a person to "anticipate being haled into Court there." Stringfellow's contacts were thus not "random", "fortuitous," or "attenuated" and were not the "unilateral activity of another party or a third person".[11] The fact that Stringfellow was not the holder of the disputed promissory note does not insulate him from jurisdiction.[12]

Therefore, the Court determines that exercise of specific personal jurisdiction over Stringfellow is proper. The Court will sustain Plaintiff's objection, decline to adopt

---

[10] <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 474-75 (1985) (<u>citing</u> <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958)) (emphasis added).

[11] <u>Burger King</u>, 471 U.S. at 475 (<u>citing</u> <u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770, 774 (1984); <u>World-Wide Volkswagen</u>, 444 U.S. at 299; <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 417 (1984)).

[12] <u>See</u> <u>Calder v. Jones</u>, 465 U.S. 783, 790 (1984) (a defendant's status as an employee does not insulate him from jurisdiction).

this portion of the Recommendation, and will deny Stringfellow's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2).

Motion to Dismiss - Federal Truth In Lending Act Claims[13]

The Magistrate Judge found that the Court lacks subject matter jurisdiction over CCF because Plaintiff's Truth in Lending Act claim was not filed before the one year statute of limitation expired.[14] Accordingly, the Magistrate Judge recommends dismissal of CCF pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff's sole objection is that "[t]here were no findings by the State Court that Plaintiff had been provided with two copies of the required [TILA] notice."[15] However, this objection concerns the merits of the claim rather than addressing this Court's lack of subject matter jurisdiction due to the expiration of the statute of limitation. The Court agrees with the Recommendation, overrules Plaintiff's objection, and will dismiss Plaintiff's Truth In Lending Act claim for lack of subject matter jurisdiction.

---

[13]Recommendation at 16-17.

[14]15 U.S.C. § 1640(e).

[15]Objection at 8-9 ¶¶ 22-24.

6

Motion to Dismiss - Federal Fair Debt Collection Practices Act Claims[16]

The Magistrate Judge found that Plaintiff has failed state a claim upon which relief can be granted with respect to Defendants CIT, CCF, and Jeffrey M. Peek because these Defendants are not "debt collectors" within the meaning of the FDCPA.[17] Accordingly, the Magistrate Judge recommends that the FDCPA claim against CIT, CCF, and Peek be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff makes no objections to these findings. The Court agrees with the Recommendation and will dismiss Plaintiff's FDCPA claim against these Defendants with prejudice for failure to state a claim upon which relief can be granted.

Additionally, the Court will dismiss Plaintiff's FDCPA claim against Defendant Roy Stringfellow with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Stringfellow, as an officer of CCF, is in the identical procedural position as Peek. As employees of CCF, both Peek and Stringfellow are not "debt collectors" under the statutory language of the FDCPA.[18] Dismissal of Stringfellow on this basis, although not directly addressed in the Recommendation, is therefore appropriate.

---

[16]Recommendation at 17-22.

[17]See 15 U.S.C. § 1692a(6).

[18]See 15 U.S.C. § 1692a(6)(A) ("[t]he term 'debt collector' . . . does not include - (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor . . . ."). Plaintiff did not dispute the Magistrate Judge's findings that Plaintiff's debt originated with CCF and that Stringfellow was attempting to collect the debt in his capacity as an employee of CCF.

As to The Lobus Defendants, the Magistrate Judge found that the Rooker-Feldman[19] doctrine does not bar this Court from asserting subject matter jurisdiction over Plaintiff's FDCPA claim against these Defendants. The Lobus Defendants did not object to these findings and the Court agrees with the Recommendation that dismissal is not warranted on this basis.

Summary Judgment - Federal Fair Debt Collection Practices Act Claims[20]

The Magistrate Judge found that The Lobus Defendants are entitled to summary judgment on the FDCPA claim because the claim was not brought within one year of the alleged violation as required by 15 U.S.C. § 1692k(d). Plaintiff strenuously objects to this conclusion.[21]

In the Complaint, all actions alleged to violate the FDCPA directly derive from the lawsuit filed in state court.[22] In the Tenth Circuit, a FDCPA claim arising from the instigation of a debt collection suit must be filed within a year of the date service of process was accomplished in that case.[23] Plaintiff was served in the state court collection case on October 7, 2006. To satisfy the FDCPA's statute of limitations, this

---

[19]See Rooker v. Fidelity Trust, 263 U.S. 413 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[20]Recommendation at 22-25.

[21]Objection at 3-8 ¶¶ 6, 8-21.

[22]To the extent that Plaintiff makes FDCPA allegations in his objection that do not appear in his Complaint (see, e.g., Objection at 7 ¶ 20), these allegations are disregarded.

[23]Johnson v. Riddle, 305 F.3d 1107, 1113 (10th Cir. 2002).

suit must have been filed on or before October 9, 2007.[24] However, the present action was not initiated until February 5, 2008.

Plaintiff also argues the statute of limitations should be "equitably tolled" while providing neither support for his position nor argument as to why equitable tolling is appropriate in this case. Regardless, according to the Complaint, Plaintiff claims that he became aware of the state court lawsuit on or about January 30, 2007.[25] Even assuming that this was the date to be used for the statute of limitations, it still is more than a year prior to the filing of this lawsuit.

Accordingly, the Court agrees with the Recommendation and will grant summary judgment in favor of the Lobus Defendants on Plaintiff's FDCPA claim for failure to state a claim upon which relief can be granted.

Motion for Preliminary Injunction and Motion for Supplemental Jurisdiction

The Magistrate Judge found that, due to her Recommendation that the case be dismissed, these motions should be denied as moot. The Plaintiff did not lodge any specific objection to this finding. Since this Court agrees with the Recommendation that the case be dismissed, the Court also agrees that these motions are properly denied as moot.

---

[24]October 7 was a Sunday and October 8 was Columbus day, a Federal Holiday.

[25]Complaint (Doc. No. 1; Feb. 5, 2008) at 6 ¶ 19.

The remainder of Plaintiff's objections deal either with issues unrelated to the determinative bases of the Magistrate Judge's Recommendation or are objections with no cognizable merit.[26] These objections are not relevant and are overruled.

Plaintiff's Motion For Declaratory Judgment and Plaintiff's Motion For Declaratory Judgment Regarding Filing In Improper Judicial District seek declaratory judgment on various issues pursuant to 28 U.S.C. § 2201. As to the request for declaratory judgment with respect to the FDCPA, this motion is denied for the same reasons described in the Recommendation and in this Order. As to Plaintiff's requests for declaratory judgment that he properly and timely exercised his statutory right to rescind and that the state court action violated the Colorado Fair Debt Collection Practices Act, these motions are denied. Under 28 U.S.C. § 2201(a), a declaratory judgment request is required to be asserted in an "appropriate pleading." Pleadings, defined in Fed. R. Civ. P. 7(a), include neither motions nor briefs.[27] None of Plaintiff's declaratory judgment requests appear in the Complaint, which is the single pleading Plaintiff has filed in this case. Therefore, these motions are denied as the Court cannot provide the relief, declaratory judgment, that Plaintiff is requesting.

Concurrently, the Court will deny the CIT Defendants' Motion To Supplement Responses as moot. Accordingly, it is

---

[26]See Objection 1-11 ¶¶ 1-5, 7, 26-33.

[27]Fed. R. Civ. P. 7(a); see Trujillo v. Board of Educ. of Albuquerque Public Schools, 230 F.R.D. 657, 660 (D.N.M. 2005) ("the complaint, answer and reply constitute the pleadings. Motions and other papers are not pleadings.").

ORDERED that Plaintiffs' Objection to Magistrate Judge's Recommendation . . . (Doc. No. 77; Oct. 16, 2008) is sustained in part and overruled in part.  It is

FURTHER ORDERED that the Magistrate Judge's Recommendation (Doc. No. 72; Oct. 6, 2008) is accepted and adopted as modified by this Order.  It is

FURTHER ORDERED that the CIT Defendants' Motion To Dismiss (Doc. No. 34; Apr. 14, 2008) is granted.  It is

FURTHER ORDERED that the Lobus Defendants' Motion To Dismiss For Lack Of Subject Matter Jurisdiction . . . (Doc. No. 44; May 9, 2008) is denied.  It is

FURTHER ORDERED that the Lobus Defendants' Motion For Summary Judgment (Doc. No. 44) is granted.  It is

FURTHER ORDERED that Plaintiff's Renewed Motion For Injunctive Relief Forthwith Pursuant To Rule 65 F.R.C.P. (Doc. No. 61; Aug. 4, 2008) and Plaintiff's Motion To Invoke Supplemental Jurisdiction Pursuant To 28 U.S.C. § 1367 (Doc. No. 64; Aug. 20, 2008) are denied as moot.  It is

FURTHER ORDERED that Plaintiff's Motion For Declaratory Judgment (Doc. No. 73; Oct. 8, 2008) and Plaintiff's Motion For Declaratory Judgment Regarding Filing In Improper Judicial District (Doc. No. 74; Oct. 8, 2008) are denied.  It is

FURTHER ORDERED that the CIT Defendants' Motion To Supplement Responses (Doc. No. 81; Oct. 30, 2008) is denied as moot.  It is

FURTHER ORDERED that this case and cause of action are dismissed, the parties to pay their own costs and attorney fees.

DATED at Denver, Colorado, this 31st day of March, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court